UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

SHANE C.,

                Plaintiff,             **DECISION AND ORDER**

    v.                                          1:22-CV-00738 CDH

COMMISSIONER OF SOCIAL
SECURITY,

                Defendant.
_____

## INTRODUCTION

Plaintiff Shane C. ("Plaintiff") seeks review of the final decision of the Commissioner of Social Security ("the Commissioner" or "Defendant") denying his applications for disability insurance benefits ("DIB") and supplemental security income ("SSI"), pursuant to Titles II and XVI of the Social Security Act (the "Act"). (Dkt. 1). Under Rules 5 through 8 of the Supplemental Rules for Social Security Actions Under 42 U.S.C. § 405(g) and Local Rule of Civil Procedure 5.5(d), the matter has been presented for decision by the parties' filing of motions for judgment on the pleadings. (*See* Dkt. 5; Dkt. 7; Dkt. 8). For the reasons that follow, the Court denies Plaintiff's motion and grants the Commissioner's motion.

## BACKGROUND

On April 26, 2018, Plaintiff protectively filed applications for DIB and SSI. (Dkt. 4 at 24, 193-94).[1] His applications were initially denied on September 26, 2018.

---

[1]     In referencing the administrative transcript, the Court has referred to the page numbers generated by CM/ECF and found in the upper right corner of the documents.

- 1 -

(*Id*. at 24, 201-08). Plaintiff requested a hearing before an administrative law judge ("ALJ") (*id*. at 209), which was held on August 27, 2019 (*id*. at 43-59). On September 27, 2019, the ALJ issued an unfavorable decision. (*Id*. at 21-41). Plaintiff sought review from the Appeals Council, which denied his request on August 20, 2020. (*Id*. at 5-11). Plaintiff thereafter sought review in this District, and on January 9, 2022, the Hon. Elizabeth A. Wolford entered a Stipulation and Order for Remand remanding the matter for further administrative proceedings. *See Cockle v. Kijakazi*, No. 20-cv-1451, Dkt. 14 (W.D.N.Y. Jan. 9, 2022).

On remand, the Appeals Council reconsidered additional evidence it had previously determined to be unrelated to the period at issue. (Dkt. 4 at 1134). It determined that the additional evidence did not provide a basis for changing the ALJ's decision, and issued a Notice of Appeals Council Action on July 30, 2022, reflecting its determination. (*Id*.). This action followed. (Dkt. 1).

## LEGAL STANDARD

### I. Administrative Determination of Disability

The Social Security Administration's ("SSA") regulations establish a five-step, sequential evaluation that an ALJ follows in determining whether a claimant is disabled within the meaning of the Act. *See Sczepanski v. Saul*, 946 F.3d 152, 156 (2d Cir. 2020); 20 C.F.R. §§ 404.1520(a), 416.920(a). At step one, the ALJ determines whether the claimant is currently engaged in substantial gainful work activity. 20 C.F.R. §§ 404.1520(a)(4)(i), 416.920(a)(4)(i). If the claimant is not, the ALJ continues to step two and determines whether the claimant has an impairment, or combination of impairments, that is "severe" within the meaning of the Act. *Id.*

§§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii). An impairment is "severe" within the meaning of the Act if it significantly limits the claimant's physical or mental ability to do basic work activities. *Id*. §§ 404.1520(c), 416.920(c).

If the claimant has at least one severe impairment, the ALJ proceeds to step three. There, the ALJ determines whether the claimant's impairment or impairments meet or medically equal the criteria of the impairments listed in Appendix 1 of Subpart P of Regulation No. 4 (the "Listings"). *Id*. §§ 404.1520(a)(4)(iii), 416.920(a)(4)(iii). If the claimant does not have an impairment that both meets or medically equals a Listing and satisfies the Act's durational requirement, *see id*. §§ 404.1509, 416.909, the ALJ must determine the claimant's residual functional capacity ("RFC"), *id*. §§ 404.1520(e), 416.920(e). "The Social Security regulations define residual functional capacity as the most the claimant can still do in a work setting despite the limitations imposed by his impairments." *Selian v. Astrue*, 708 F.3d 409, 418 (2d Cir. 2013); *see* 20 C.F.R. §§ 404.1545, 416.945.

At step four, the ALJ determines whether, in light of the RFC assessment, the claimant is capable of performing any past relevant work. 20 C.F.R. §§ 404.1520(a)(4)(iv), 416.920(a)(4)(iv). If the claimant is unable to perform any past relevant work, the ALJ proceeds to the fifth and last step. At this step, the burden shifts to the Commissioner to demonstrate that, taking into account the claimant's age, education, work experience, and RFC, the claimant is capable of performing substantial gainful work that exists in the national economy. *Rosa v. Callahan*, 168 F.3d 72, 77 (2d Cir. 1999); *see* 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v).

## II.     Review by the Court

The Court has jurisdiction under 42 U.S.C. § 405(g) to review the Commissioner's final decision denying an application for DIB or SSI. It is not the Court's function to "determine *de novo* whether [the claimant] is disabled." *Schaal v. Apfel*, 134 F.3d 496, 501 (2d Cir. 1998) (quotation omitted). Instead, in performing its review, the Court is "limited to determining whether the [Commissioner's] conclusions were supported by substantial evidence in the record and were based on a correct legal standard." *Selian*, 708 F.3d at 417 (citation omitted). If the Commissioner's findings of fact are supported by substantial evidence, they are "conclusive." 42 U.S.C. § 405(g). In other words, "[i]f there is substantial evidence to support the determination, it must be upheld." *Selian*, 708 F.3d at 417.

"Substantial evidence means more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Moran v. Astrue*, 569 F.3d 108, 112 (2d Cir. 2009) (quotation omitted). However, "[t]he deferential standard of review for substantial evidence does not apply to the Commissioner's conclusions of law." *Byam v. Barnhart*, 336 F.3d 172, 179 (2d Cir. 2003).

## DISCUSSION

## I.     The ALJ's Decision

The ALJ applied the five-step, sequential evaluation described above in determining whether Plaintiff was disabled. Before proceeding to step one, the ALJ found that Plaintiff met the insured status requirements of the Act through December 31, 2021. (Dkt. 4 at 27).

The ALJ found at step one that Plaintiff had not engaged in substantial gainful activity since December 30, 2016, the alleged onset date. (*Id*.). The ALJ found at step two that Plaintiff had the following severe impairments: "degenerative disc disease of the cervical and lumbar spines, osteoarthritis of the right shoulder, Chiari 1 malformation and headaches [.]" (*Id*.). The ALJ also concluded that Plaintiff had the following non-severe impairments: hyperthyroidism, adjustment disorder, and anxiety. (*Id*. at 27-29).

The ALJ found at step three that Plaintiff did not have an impairment or combination of impairments that met or medically equaled the severity of any of the Listings. (*Id*. at 29-20). The ALJ assessed Plaintiff's RFC and determined that Plaintiff retained the ability to perform the full range of light work as defined in 20 C.F.R. §§ 404.1567(b) and 416.967(b). (*Id*. at 30). The ALJ then proceeded to step four and found that Plaintiff was unable to perform any past relevant work. (*Id*. at 36-37).

The ALJ found at step five that—considering Plaintiff's age, education, work experience, and RFC—there were jobs that exist in significant numbers in the national economy that Plaintiff could perform. (*Id*. at 37). The ALJ ultimately concluded that Plaintiff was not disabled, as defined in the Act, from December 30, 2016, through the date of the ALJ's decision. (*Id*. at 37-38).

II.  **The Commissioner's Final Determination is Supported by Substantial Evidence and Does Not Contain a Reversible Legal Error**

Plaintiff argues that the Appeals Council erred in determining that the additional evidence submitted to it did not provide a basis for changing the ALJ's determination. (*See* Dkt. 5-1 at 1). Plaintiff further argues that the ALJ improperly

relied on his own lay opinion in making the RFC determination. (*Id.*). The Court is unpersuaded by these arguments, for the reasons set forth below.

"The Appeals Council must consider new and material evidence if it relates to the relevant time period." *McIntire v. Astrue*, 809 F. Supp. 2d 13, 21 (D. Conn. 2010). "Once evidence is added to the record, the Appeals Council must then consider the entire record, including the new evidence, and review a case if the administrative law judge's action, findings, or conclusion is contrary to the weight of the evidence currently of record." *Lesterhuis v. Colvin*, 805 F.3d 83, 87 (2d Cir. 2015) (quotation omitted).

In this case, Plaintiff submitted the following to the Appeals Council after the ALJ issued his hearing decision: a letter from Dr. Sydney Domanowski dated October 24, 2019; a diagnostic report from Dent Neurologic Institute, dated November 26, 2019; treatment notes from University at Buffalo Neurosurgery dated October 9, 2019, through December 10, 2019; treatment records from Wyoming County Community Health System Rehabilitation Services dated October 4, 2019; and treatment records from Wyoming County Community Health System, dated October 31, 2019, through November 15, 2019. (Dkt. 4 at 6). The Appeals Council originally determined that this evidence was not related to the period at issue, and did not review it. (Dkt. 4 at 1135). On remand, the Appeals Council considered this evidence and determined that it did "not show a reasonable probability that it would change the outcome of the decision." (*Id.*). The Appeals Council stated that "[u]pon consideration of [the] opinion evidence, the record does not support the limitations

outlined and the opinions do not provide sufficient evidence to support the limitations outlined." (*Id.*).

Plaintiff argues that the Appeals Council's determination was "too conclusory" and that remand is required on this basis. (Dkt. 5-1 at 16-17). "[T]he Appeals Council need not provide much, if any, reasoning when it evaluates additional evidence presented." *Torres v. Comm'r of Soc. Sec.*, No. 22-CV-00003-MJP, 2024 WL 5090815, at *3 (W.D.N.Y. Dec. 12, 2024); *see also Christine M. R. v. Saul*, No. 3:19CV01752(SALM), 2021 WL 129415, at *8 (D. Conn. Jan. 14, 2021) ("In denying review of an ALJ's decision, the Appeals Council is not obligated to explain the weight it assigns to any newly submitted evidence."). The case law cited by Plaintiff (*see* Dkt. 5-1 at 16) is inapposite, because it addresses situations where the Appeals Council fails to consider the evidence and/or evaluates the opinion of a treating physician under the regulations applicable to claims filed prior to March 27, 2017. The Appeals Council's explanation in this case was sufficient to comply with the applicable regulations. *See* 20 C.F.R. §§ 404.967, 416.1467.

Plaintiff also argues that this additional evidence, "particularly Dr. Dominowski's opinion, undermines the ALJ's determination and leaves it unsupported by substantial evidence." (Dkt. 5-1 at 17). Plaintiff further argues that the ALJ's RFC finding was, in the first instance, unsupported by substantial evidence because the ALJ improperly relied on his own lay opinion in reaching his conclusions. (*Id.* at 18-26). Again, the Court disagrees.

It is the ALJ's duty to "weigh all of the evidence available to make an RFC finding that [is] consistent with the record as a whole." *Matta v. Astrue*, 508 F. App'x

53, 56 (2d Cir. 2013). "[G]enerally, an ALJ is not qualified to assess a claimant's RFC on the basis of bare medical findings." *Ortiz v. Colvin*, 298 F. Supp. 3d 581, 586 (W.D.N.Y. 2018) (quotation and citation omitted). However, "[a]n RFC finding is administrative in nature, not medical, and its determination is within the province of the ALJ, as the Commissioner's regulations make clear." *Curry v. Comm'r of Soc. Sec.*, 855 F. App'x 46, 48 n.3 (2d Cir. 2021) (finding it was proper for the ALJ "pursuant to his statutory authority . . . [to] consider[ ] the medical and other evidence in the record in its totality to reach an RFC determination"). "Where . . . the record contains sufficient evidence from which an ALJ can assess the [plaintiff's] residual functional capacity, a medical source statement or formal medical opinion is not necessarily required." *Monroe v. Comm'r of Soc. Sec.*, 676 F. App'x 5, 8 (2d Cir. 2017) (quotations and citations omitted); *see also Scott v. Comm'r of Soc. Sec.*, No. 19-CV-00959, 2020 WL 6205693, at *3 (W.D.N.Y. Oct. 22, 2020) ("[A]n ALJ's RFC determination is not fatally flawed merely because it was formulated absent a medical opinion."). "In arriving at the RFC, the ALJ's reasoning must always be sufficiently discernible as to allow a reviewing court to ensure that the ALJ employed the proper standards and rendered a decision supported by substantial evidence." *Jennifer S. v. Comm'r of Soc. Sec.*, 771 F. Supp. 3d 256, 266 (W.D.N.Y. 2025) (quotation and citation omitted)

In this case, the ALJ based his RFC finding in significant part on the opinion of state agency medical consultant Dr. C. Krist, who opined that Plaintiff was capable of performing light work with some additional limitations. (Dkt. 4 at 35; *see id.* at 188-90). However, the ALJ explained that evidence submitted subsequent to Dr.

Krist's opinion demonstrated that Plaintiff was not entirely as limited as Dr. Krist had opined. Specifically, there was evidence that Plaintiff was capable of vigorous exercise, could walk 3.5 miles home from school, and had been attending college full-time beginning in January 2019. (*Id.* at 35). The ALJ further noted that a physical examination on May 28, 2019, showed that Plaintiff moved about without difficulty, had a good range of motion on musculoskeletal examination, moved all extremities well, and had 5/5 strength in all extremity muscle groups. (*Id.* at 34; *see id.* at 1060-61). In addition, the ALJ considered treatment records from neurosurgeon Dr. Kevin Walter dated February 2019, in which Dr. Walter stated that a CT scan of Plaintiff's cervical spine showed "some age appropriate degeneration" but "no other severe abnormalities that would explain his symptoms" and that Plaintiff did not have a "significant Chiari 1 malformation." (*Id.* at 819; *see id.* at 34). A nerve conduction study on March 11, 2019, "showed no evidence of a right cervical radiculopathy or other neurogenic process to explain his widespread giveaway weakness of the right upper extremity." (*Id.* at 34; *see id.* at 1133).

  The Court is able to discern the ALJ's reasoning for finding Dr. Krist's opinion only partially persuasive—namely, that Plaintiff's testimony, activities of daily living, and subsequent medical records were inconsistent with some of the limitations identified by Dr. Krist. *See Richard R. v. Comm'r of Soc. Sec.*, No. 6:23-CV-6346-LJV, 2024 WL 4064084, at *3 (W.D.N.Y. Sept. 5, 2024) ("the ALJ properly relied on Richard's function report, his hearing testimony, and his history of conservative and routine treatment to formulate his RFC"). Contrary to Plaintiff's argument, it was not error for the ALJ to rely on the evidence of record to determine that Dr. Krist's

- 9 -

opinion was only partially persuasive. The SSA's regulations expressly require the ALJ to consider whether a physician's opinion is consistent with the evidence from other medical and nonmedical sources. *See* 20 C.F.R. §§ 404.1520c(c), 416.920c(c). Further, the Court disagrees that there was an evidentiary gap that needed to be filled by the ALJ. *See Darci H. v. Comm'r of Soc. Sec.*, No. 1:21-CV-00877 (JGW), 2024 WL 1721333, at *5 (W.D.N.Y. Apr. 22, 2024) ("despite finding the two opinions partially persuasive, there was no obvious gap in the record that would compel an ALJ to seek additional information because he was precluded from making an informed decision").

Finally, the Court is unpersuaded that the additional evidence submitted to the Appeals Council undermined the ALJ's RFC conclusion. Plaintiff relies heavily on Dr. Domanowski's October 24, 2019 letter, which states that Plaintiff has a "very complicated neurological condition in which he must lay down for periods of time throughout the day and is not allowed to prefrom [sic] any lifting." (Dkt. 4 at 20). This letter contained no supporting explanation or medical findings and was inconsistent with the other medical evidence of record, including treatment records from August 2019 noting "5/5 strength in bilateral upper and lower extremities" and from October 2019 noting that Plaintiff's "physical exam does not correlate with his EMG nor his physical exam findings." (*Id.* at 64, 67). It accordingly does not render the ALJ's RFC finding unsupported by substantial evidence.

Plaintiff offers no further argument as to how any of the other additional evidence undermined the ALJ's RFC finding, nor does the Court find any basis for

such a conclusion. Accordingly, and for all these reasons, there is no basis for the Court to disturb the Commissioner's determination.

## CONCLUSION

For the foregoing reasons, the Commissioner's motion for judgment on the pleadings (Dkt. 7) is granted, and Plaintiff's motion for judgment on the pleadings (Dkt. 5) is denied. The Clerk of Court is directed to enter judgment and close this case.

SO ORDERED.

_____
COLLEEN D. HOLLAND
United States Magistrate Judge

Dated:    September 29, 2025
          Rochester, New York